LAW OFFICES
# BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.
100 GARDEN CITY PLAZA, GARDEN CITY, NY 11530

TELEPHONE: (516) 222-6200

FACSIMILE: (516) 222-6209

E-MAIL: thefirm@bhpp.com

WEBSITE: www.bhpp.com

GILBERT HENOCH
STEVEN J. PEDDY
GARY H. FRIEDENBERG
MIRIAM R. MILGROM
STEPHEN J. BROOKMEYER
JOSEPH E. MACY
GREGORY P. PETERSON
SAUL R. FENCHEL**
KENNETH S. BERKMAN (1958*-2007)
PETER P. PETERSON (1936*-2001)

BRUCE J. BERGMAN
STEVEN BROCK
ROBERT A. CARRUBA
VINSON J. FRIEDMAN
RUDOLF J. KARVAY
STANLEY MISHKIN
TODD C. STECKLER
PETER SULLIVAN

MICHAEL BONNEVILLE
SARA Z. BORISKIN
GERRY CARECCIA LEONTI
JONATHAN M. COHEN

WESLEY C. GLASS
GENA GOLDBERGER

ADAM S. KALB
BRUCE D. MAEL
ELIZABETH S. MOORE***
ANDREW M. ROTH
CHRISTOPHER F. ULTO

*ADMITTED
**ADMITTED IN NEW YORK, CALIFORNIA, FLORIDA, NEW JERSEY, PENSYLVANIA AND DISTRICT OF COLUMBIA
***ADMITTED IN NEW YORK, GEORGIA AND SOUTH CAROLINA

COUNSEL

ROBERT T. BLOOM
DAVID R. KAY
JOSEPH N. MONDELLO
JAMES M. PEDOWITZ
WILLIAM D. SIEGEL
MARK WEPRIN

WRITER'S DIRECT DIAL: 418

August 26, 2011

**Via ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    In the Matter of the Complaint of the Estate of THERESA MANIACI-CANI and the Estate of GEORGE CANNI as owners and/or owners *pro hac vice* of the recreational Vessel, UNCANNI, 2001Hustler, for Exoneration from or Limitation of Liability,
           Docket Number:    10 cv 00958 (AKT)
           Our Client:    Town of Hempstead

Dear Judge Tomlinson:

    We represent the Town of Hempstead, a Third-Party Defendant in the above Limitation of Liability action. This action involves a boating accident which occurred on October 4, 2009 in the Great South Bay resulting in three fatalities and several other parties claiming injuries. As you are aware this matter was recently assigned to your Honor for all purposes at the consent of all parties.

    Our purpose in writing the Court is to request either an extension of the current scheduled discovery deadlines, or a conference with the Court regarding the re-scheduling of the current discovery deadlines. Since the issuance of your Amended Case Scheduling Order, dated May 20, 2011, the parties have completed outstanding paper discovery, held two further inspections of the vessel, and have conducted over seven days of testimony from deposition witnesses. Those witnesses included an Investigator from the Nassau County Police Maine Unit, a Detective from the Nassau County Homicide Squad, the Captain of the Town of Hempstead Department of Waterways' Main Tug, the Chief Toxicologist for Nassau County and the Commissioner of Waterways for the Town of Hempstead. Due to the limited availability of such witnesses and the schedules of the six attorneys

Re: In the Matter of the Complaint of the Estate of THERESA MANIACI-CANI and the Estate of GEORGE CANNI as owners and/or owners *pro hac vice* of the recreational Vessel, UNCANNI, 2001Hustler, for Exoneration from or Limitation of Liability, Docket Number: 10 cv 00958 (AKT)

involved in the depositions of this matter, we consequently encountered some logistical difficulties in completing the last two factual depositions in this matter.

Further, due to an unfortunate extended illness of one of the counsels, we have been unable to complete the second day of the deposition of the Nassau County Toxicologist. Additionally, since your last Order, it has also become clear that we also need to depose the builder of the vessel, Joseph LoGuidice. From the depositions of the Nassau County Police officers in this matter, we discovered that Mr. LoGuidice provided information to the Police Department which was then used to compute the estimated speed of the vessel at the time of the accident. We have also been unable to conduct Mr. LoGuidice's deposition to date, due to the extended illness of that counsel. However, it is now anticipated that the second half of the Toxicologist's deposition and Mr. LoGuidice's Deposition can be completed by September 16th.

The transcripts from Mr. LoGuidice's and the Toxicologist's depositions, as well as the outstanding transcript from the recent deposition of Town of Hempstead Commissioner of Waterways, are needed by all parties' experts to review before Expert Reports can be exchanged.

Thus, upon the consent of all parties, it is requested that the deadline for the completion of all factual depositions be extended to September 16th, and that the deadline for the exchange of Plaintiff's expert reports be extended to October 31st. It is also requested by all parties that the remaining discovery deadlines be adjusted accordingly.

The parties anticipate that this will be the final request to extend discovery, and that the remaining discovery will be able to be completed without further delay.

Thank you in advance for your consideration of this request.

Respectfully submitted,

Berkman, Henoch, Peterson
Peddy & Fenchel P.C.

By: _____
Wesley G. Glass